# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERS, INC.; NBS DEFAULT SERVICES, LLC; and WELLS FARGO BANK, N.A., et al.; and DOES 1 to 50, inclusive<br><br>Defendants. | Case No. 5:17-cv-0654-ODW-SP<br><br>**ORDER TO SHOW CAUSE RE LACK OF SUBJECT MATTER JURISDICTION** |

On April 6, 2017, Plaintiff Maurice Brown filed this action pro se against Defendants MERS, Inc. ("MERS"), NBS Default Services, LLC ("NBS"), and Wells Fargo Bank, N.A. ("Wells Fargo"). (Compl., ECF No. 1.) Plaintiff alleges that Defendants violated mortgage company loan procedures and seeks title to certain real property, along with monetary and punitive damages. (Compl. 4–5.) Plaintiff also asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332, which provides federal courts with jurisdiction over cases where the parties are completely diverse. (*See* Compl. 3.)

1

Federal courts are courts of limited jurisdiction that may hear cases only as authorized by the U.S. Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where the plaintiff's citizenship is diverse from each defendants' citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Because Plaintiff does not assert a federal claim pursuant to section 1331, only diversity citizenship under section 1332(a) is at issue in this case.

Pursuant to section 1332(a), federal courts have subject matter jurisdiction over cases between "citizens of different States," when the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).

Federal courts have an obligation to determine the existence of subject matter jurisdiction, regardless of whether the parties raise the issue. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Federal Rule of Civil Procedure 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Plaintiff does not allege sufficient facts in the Complaint to allow the Court to make a determination of whether there is complete diversity among the parties. Plaintiff alleges that he is a citizen of the State of California and that Defendant MERS is incorporated under the laws of, and has its principal place of business in, the State of Virginia. (Compl. 3–4.) But, Plaintiff fails to allege the citizenship of Wells Fargo or NBS. (*Id*.) Additionally, Plaintiff provides a California mailing address for

Wells Fargo. (*Id.* at 2.) If Wells Fargo is incorporated, or maintains its principal place of business, in California, then it would be considered a California citizen for jurisdictional purposes and there would not be complete diversity of the parties. *See* 28 U.S.C. § 1332(c) (providing that a corporation shall be deemed a citizen of every State in which it has been incorporated or where it has its principal place of business); *see also Am. Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943) (finding that a national bank is a citizen of the state where it has its principal place of business).

The Court **ORDERS** Plaintiff to **SHOW CAUSE**, in writing, no later than **October 2, 2017**, why this Court should not dismiss this case for lack of subject matter jurisdiction. Should Plaintiff wish to amend his Complaint in order to allege facts sufficient to satisfy the requirements for federal subject matter jurisdiction, he must do so no later than **October 2, 2017**.

Failure to timely respond to this Order may result in dismissal of this action without further notice.

**IT IS SO ORDERED.**

September 20, 2017

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3