# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE BROWN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERS, INC.; NBS DEFAULT SERVICES, LLC; and WELLS FARGO BANK, N.A., et al.; and DOES 1 to 50, inclusive<br><br>　　　　　Defendants. | Case No. 5:17-cv-0654-ODW-SP<br><br>**ORDER DISMISSING CASE** |

　　　　On September 20, 2017, the Court ordered pro se Plaintiff Maurice Brown to show cause, no later than October 2, 2017, why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 22.) Specifically, the Court warned Plaintiff that he had not alleged sufficient facts in the Complaint to allow the Court to make a determination of whether there is complete diversity among the parties. (*Id.*) To date, Plaintiff has not responded to the Court's Order.

　　　　As explained in the Order to Show Cause, Plaintiff alleges that he is a citizen of the State of California and that Defendant MERS is incorporated under the laws of, and has its principal place of business in, the State of Virginia. (Compl. 3–4, ECF No.

1

1.)  But, Plaintiff fails to allege the citizenship of Defendants Wells Fargo or NBS. (*Id.*)  Additionally, Plaintiff provides a California mailing address for Wells Fargo. (*Id.* 2.)  If Wells Fargo is incorporated, or maintains its principal place of business, in California, then it would be considered a California citizen for jurisdictional purposes and there would not be complete diversity of the parties.  *See* 28 U.S.C. § 1332(c) (providing that a corporation shall be deemed a citizen of every State in which it has been incorporated or where it has its principal place of business); *see also Am. Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943) (finding that a national bank is a citizen of the state where it has its principal place of business).

Federal courts have an obligation to determine the existence of subject matter jurisdiction, regardless of whether the parties raise the issue.  *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Federal Rule of Civil Procedure 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Under Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

On the face of Plaintiff's Complaint, subject matter jurisdiction appears to be lacking, and Plaintiff has not responded to the Court's Order to Show Cause.  Therefore, the Court **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

October 6, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**